STATE OF MAINE
PENOBSCOT, SS.

FILED AND ENTERED
SUPERIOR COURT

JUL 0 6 2000

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. AR-00-01
FCM-PEN - 7/6/2000

STATE OF MAINE

v.

NANCY BURRILL,
          Defendant.

)
)
)
)
)
)
)
)

**ORDER ON APPEAL**

 

Defendant appeals from a guilty finding in the District Court, (Stitham, J.) on a Class E charge of criminal trespass. The Defendant had been a member of Birch Hill Stables, Inc until her rights as a member of that organization were terminated by a writing dated August 23, 1999 which was personally served on her.

In his opinion on the record at her trial, Judge Stitham found: ". . . on the basis of States #1, the August 23, 1999 letter, that that was, in fact, a lawful order not to enter those premises . . . . I'm going to find that that was ,a lawful order. Having found that, that the State has met its burden beyond a reasonable doubt as to that point. You were there on August 28, 1999,[1] and I am going to find that the State has met its burden, beyond a reasonable doubt as to the charge of criminal trespass." T. Page 73.

The argument raised by the appellant rests primarily on <u>State v Tauver</u>, 461 A..2d 1065. (Me. 1983). The language of significance is:

> "Consequently, the State must prove that a "lawful order" was issued. We must interpret criminal statutes as being free from unnecessary and superfluous language.

---

[1] It is abundantly clear that the date should have been stated to be October 28, 1999. See T. Page 20 and 21. Neither party has assigned any significance to the Court's misstatement; see especially Appellant's brief, page 2.

> *Cit. om.* By using "lawful" to describe "order", therefore, the legislature intended that "lawful" have some independent meaning."

The Law Court addressed a jury instruction given in <u>Tauver</u> which involved a church to which the general public was invited. The Court noted that a person may be ordered to leave such a public place only when there is justification therefore and noted an 1884 case for the proposition that a soldier could not be ordered to leave simply because other soldiers had been unruly at other times.

Central to appellant's argument is the following: "[T]he Court attempted to get around this by stating that there was no evidence that the organization could not evict Ms. Burrill". Appellant was suggesting thereby that a shift in the burden of proof had been foisted on the Defendant by the Court. See Appellant's brief, page 4.

However, what the Court said was: "It would appear that there's nothing to indicate that the corporation itself could not -- could not issue such a letter of August 23, 1999 to either an active, an inactive member, or specifically anyone with regard to anyone that was there. The corporation did do that, and I am going to find that that was a lawful order."

In short, the Court found that the premises were private in nature and could be entered only by persons within the limited group that derived rights from the corporation. The corporation could grant and revoke those rights so long as done in accordance with Maine law.

That situation is different from the church which was the situs in <u>Tauver</u>. The church had an open invitation to members of the public which implicated the word "lawful". The distinction is that the Riding Club, it appears from the letter of August 23 1999, was open and available only to paying members; there were no general public invitations, express or implied. At a minimum there is no such evidence of that. Thus from the evidence the Court could properly infer those facts.

The District Court's reasoning is entirely consistent with <u>State v. Chiapetta</u>, 513 A..2d 831, 834 (Me. 1986). To paraphrase Chief Justice McKusick: Birch Hill Stables, Inc. "no less than a private owner [if it legally is not] has power to preserve the property under its control . . . for the use to which it is lawfully dedicated. *Aderly v. Florida* 385 U.S. 39, 47, 87 S.Ct. 242, 247, 17 Led..2d 149 (1966)."

But what is more to the point is that Defendant was not there as a member of the public. She was there in furtherance of her claim of

possessory rights related to the corporation. The Club was within the scope of the language: "In contrast, with regard to private property not open to the general public, the owner may lawfully order the person to leave even though the entry was authorized and peaceful" Tauver, *supra* at 1067.

Stated otherwise: a private owner having a private purpose may, under Maine law, require any person to leave at any time and to order a person not to return to the property or go on it in any way. An owner of a property to which the general public may have a right of entry, may proscribe the entrance of any person so long as their conduct is "lawful" that is, not motivated by an improper purpose. The Defendant had no right to disobey the order and having done so could be and was properly charged.

The appellant's other complaint that the Stable did not conduct itself properly and that, accordingly, its order was not sufficient to be a lawful order [or simply an order] is equally without merit  Having the President and all but one of the Board Members sign the letter demonstrated ample authority to support the charge.[2] See  Chiapetta, supra at 834. The letter of the 23rd of August and Article III of the Articles of Incorporation and the By Laws are adequate to show the necessary authority for the corporation's action.

Based on all of the foregoing, the Order will be: Appeal **DENIED**. Case remanded to the District Court.

Dated:   July 6, 2000

FRANCIS C. MARSANO
JUSTICE, SUPERIOR COURT

---

[2] The Articles make it clear that the corporation was created under 13-B M.R.S.A. The powers appear to be consistent with 13-B M.R.S.A. § 701 et seq. See especially §708(1) and (3); it would appear that § 708(1)(B) may be the controlling section.

LAURIE MILLER, ESQ
POB 190
ORRINGTON  ME  04474

OFFICE OF THE DISTRICT ATTORNEY
D. DANIEL WOOD, ASST. D.A.
PENOBSCOT COUNTY COURTHOUSE
97 HAMMOND STREET
BANGOR  ME  04401

DONALD L. GARBRECHT
LAW LIBRARY

JUL 10 2000